**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| JAMES P. RILEY, and the BOSTON FIRE FIGHTERS INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 718<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, and PAUL F. BURKE, in his capacity as the Commissioner of the City of Boston, Fire Department,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:24-cv-11314<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF REQUESTED,
AND JURY DEMAND**

## I. INTRODUCTION

1. In this case, the Plaintiffs, James P. Riley, a firefighter, and the Boston Firefighters International Association of Firefighters Union, Local 718, on behalf of all of its members seek redress pursuant to 42 U.S.C. §1983 for infringement of the rights of freedom of speech, assembly, and association under the First Amendment to the United States Constitution.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

1

## III. PARTIES

3. Plaintiff, James P. Riley ("Riley"), is an adult resident of Boston, Massachusetts, and is a firefighter for the Boston Fire Department. At all times relevant hereto, Riley was a member of the Boston Firefighters International Association of Firefighters, Local 718 ("Union"), and held a position on the Union Executive Board, Division 2.

4. Plaintiff, Boston Firefighters International Association of Firefighters Union Local 718 ("Union"), is the duly certified collective bargaining agent for uniformed firefighters in the City of Boston, Massachusetts. The Union represents its members regarding the hours, wages, and working conditions of their employment. The Union is affiliated with the Professional Firefighters Association of Massachusetts and the International Association of Firefighters and is an unincorporated association recognized under M.G.L. c. 150E.

5. The Defendant, the City of Boston, Massachusetts ("City"), is a duly incorporated municipality in the Commonwealth of Massachusetts with a city form of government.

6. Defendant Paul F. Burke ("the Commissioner") is the Commissioner of the City of Boston Fire Department and is the disciplinary authority for such.

## IV. STATEMENT OF FACTS

7. The Boston Fire Department is divided into two divisions and ten districts within the divisions throughout the City of Boston, including Headquarters, plus other divisions, including but not limited to Fire Alarm Dispatch, Fire Prevention, Training, Personnel Division, and Fleet and Facilities.

8. Each district has multiple firehouses, and each firehouse quarters at least one fire apparatus.

9. Each fire apparatus is staffed with three to four firefighters plus a commanding

Officer per shift, which is either a Lieutenant or a Captain.

10. The firehouses and apparatus are divided throughout the City into two Divisions so that firefighters can respond to emergencies in the most time-efficient manner possible.

11. Division Two Headquarters is located at 746 Centre Street, Jamaica Plain, and quarters Engine Company 28, Tower Ladder 10, District 9 Chief, and Technical Rescue Support 2. Boston Technical Support Truck, Deputy Chief of Division 2, and District 9 Chief.

12. Michael Moran ("Captain Moran") is the Captain assigned to Tower Ladder 10.

13. Riley, at all times pertinent hereto, was assigned to Tower Ladder 10.

14. Beginning in April 2021, Riley and other firefighters assigned to Tower Ladder 10 and Engine 28, also quartered at that same station, began to notice that the sidewalks in front of the station were unsafe. Specifically, the handicap ramps were deteriorating and had become uneven, and the concrete apron was broken. Riley and other firefighters expressed their concerns to Captain Moran.

15. Numerous civilians complained to Riley and firefighters assigned to the 746 Centre Street firehouse, which they sent up through the chain of command with no resolution. These complaints included a nearby resident falling outside the firehouse and sustaining an injury when she tripped on the sidewalk cracks; baby strollers getting stuck in the sidewalk cracks, one almost toppling over with a baby inside; young children falling and scraping their knees due to the broken concrete apron; and multiple residents in wheelchairs getting stuck while attempting to use the deteriorating handicapped ramp.

16. Upon information and belief, civilians also called the City of Boston "311 hotline," regarding the above issues and requested assistance to no avail.

17. On or around April 21, 2021, Captain Moran emailed the Boston Fire Department

Facilities Division requesting repairs to the sidewalk. Moran sent this message from his City email and attached photographs of the damaged area. Moran's email stated:

> Good morning, The apron in front of E-28 quarters is in need of repair. Please see attached pictures. Can we have this fixed? It is starting to cause problems with wheelchairs/strollers crossing our property. Also, Can we have 'Yellow Traffic Striping Paint' or similar delivered. The lines that the apparatus use for backing up are worn away." (Attachment A.)

18. Captain Moran's April 21, 2021, email did not result in any repairs.

19. On or around February 11, 2022, Captain Moran sent another email to the Boston Fire Department Facilities Division from his City-provided email, again requesting repair to the sidewalk. Moran's email stated:

> Good afternoon, The Concrete Apron in front of Engine 28 Quarters is falling apart. It is becoming a hazard to pedestrians walking by. Specifically the handicap and families pushing a stroller. One incident earlier today was reported to me where a stroller almost toppled over. Can we please have this repaired or replaced? (Attachment B.)

20. Captain Moran was copied on an email between Joanne Callahan from the Boston Fire Department Facilities Division to Greg Mullen at R. Mullen Associates, stating: "Greg, can you give me a quote for repair." (Attachment B.)

21. Captain Moran was copied on another email from Greg Mullen to Joanne Callahan in stating: "I'm [sic] on it, thank you." (Attachment B.)

22. On or about March 20, 2022, Captain Moran sent a third email from his City-provided email to the Boston Fire Department Facilities Division, requesting an update, and attaching photographs showing the condition of the sidewalks was worsening. Moran's email stated: "Good afternoon, Following up on this. The holes are getting bigger." (Attachment C.)

23. Captain Moran received a response from Greg Mullen stating:

> Hi Mike. We submitted quotes for 2 options. Concrete & asphalt. We are just waiting on a PO for one of them. Thanks, Greg." (Attachment D.)

24. On or about March 20, 2022, Captain Moran emailed all firefighters assigned to Tower Ladder 10 and Engine 28 and notified them that the Boston Fire Department was aware of the sidewalk issue and that several quotes from contractors to fix it were being collected. Moran's email to the firefighters assigned to Tower Ladder 10 and Engine 28 stated:

> The department is aware of the issues with the front apron. There are several quotes in and they are waiting to see which one they go forward with (concrete or asphalt). Please make sure that there is a cone covering the large hole between C7 and TL10. Thanks. (Attachment E.)

25. On or about June 16, 2022, Captain Moran sent a fourth email from his City-provided email to the Boston Fire Department Facilities Division requesting an update. Moran's email stated:

> Good morning, while at the Engine 28 firehouse (covering for the day due to the PGA tour) a child fell and scraped his knee while walking on the broken concrete apron. Do we have any update on the apron repair? (Attachment F.)

26. Captain Moran's June 16, 2022, email did not result in any repairs.

27. On or about April 20, 2023, Captain Moran sent a fifth email, from his City-provided email to the Boston Fire Department Facilities Division requesting an update. Moran's email stated:

> Pat, I am reaching out to see if there is any progress with 2 big projects for Engine 28 firehouse[.] 1) Front Apron. I was told it had to go out to bid. Seeing if there is any progress/timeline on this. 2) Generator. We have the temporary generator in the side alleyway. I think you said the replacement had to go out to bid as well. Do we have any progress on this? We spoke about trying to get the permanent generator placed int that alleyway to create much needed storage space for our extra tools and lawn/snow equipment. Thank you! (Attachment G.)

28. Director Patrick Lee responded to Captain Moran's April 20, 2023, email stating:

> Hi Mike, I tried to catch you on the phone this morning but just missed you, they told me. We haven't forgotten about you, I have dug into both issues and raised concern with the budget department. To replace the 100kw generator and transfer switch you have there is north of 90k and the apron is about 25k. Unfortunately,

> where we are in the budget cycle, I don't have this in my operating budget. You are among 3 or 4 houses that need new generators and of many that need apron work. I am putting together two packaged projects that will address both these department-wide issues to be submitted into the upcoming budget cycle. I know it's not an ideal set up but the temp generator kept up for the period of time the house lost power yesterday, right? I am sending fuel out there to ensure it doesn't run dry next time. Give me a call anytime if you'd like to discuss this further. Thanks Pat. (Attachment G.)

29. Captain Moran's April 20, 2023, email did not result in any repairs.

30. On or about September 26, 2023, Riley sent an email from his Union email address to the City of Boston Chief of the Streets Department, Jascha Franklin-Hodge ("Franklin-Hodge") stating:

> Mr. Franklin-Hodge, I am writing you to ask for assistance with an ongoing issue in front of the firehouse at 746 Center St JP [sic]. The sidewalk and handicapped ramps have been marked up for replacement by the city since the summer of 2022. To date there have been some hot top placed to help ease the issue but not permanent resolution. Most, if not all, of the ramps going down Center St [sic] were repaired and replaced last summer by the city. As a firefighter who proudly works in the neighborhood and spends time outside the firehouse interacting with the constituents we are constantly asked when this issue is going to be resolved. We have no answer and can only direct them to make a 311 complaint. I strongly believe the [sic] is a safety issue for the citizens and guests who walk by here on a regular basis. Is the city going to wait till someone is injured before resolving this public safety issue? Please see attached photos taken recently for reference. Thanks Jim. (Attachment H.)

31. Riley sent the email in the preceding paragraph in his capacity as a Union Executive Board Member and with the approval of the Union President Samuel Dillon who was concerned about this unaddressed safety issue for both his firefighter membership and the civilians living in that area.

32. On or about September 26, 2023, Mr. Franklin-Hodge responded to Riley's email stating: "Thank you for the note. We'll look into it. – Jascha." (Attachment H.)

33. On or about September 27, 2023, Fire Commissioner Burke contacted Ms. Franklin-

6

Hodge and requested a copy of Riley's September 26th email to her, and she promptly provided such to him. (Attachment I.)

34. On or about October 11, 2023, Deputy Chief Christopher Burke, Deputy Chief for the Boston Fire Department Personnel Division, issued Riley a notice suspending him for four (4) tours of duty stating in the relevant part:

> …In that, James P. Riley … sent a hostile email request to a City of Boston department head regarding the condition of the sidewalk and handicapped ramp outside of a firehouse. He used his Local 718 Union title in an attempt to intimidate the City of Boston official into action. He also violated the chain of command by failing to go through the required Boston Fire Department command structure …. This four-tour suspension is accompanied by an official reprimand which will become an official part of your record. This suspension is issued for the good of the department and the good of the fire service. (Attachment J.)

35. In his sixteen years on the job with the Boston Fire Department, Riley had never been suspended. Prior to his employment as a firefighter, Riley worked at Boston EMS for eleven years, and at the Boston City Hospital for a year.

36. On October 30, 2023, following a disciplinary hearing regarding the above-referenced suspension, Deputy Chief Burke issued a letter to Riley, stating in the relevant part:

> …The hearing officer found that the suspension imposed was appropriate and recommended that it be upheld. Specifically, the hearing officer found that you should not have used your Local 718 Union Title to intimidate a City Boston official and that you violated the chain of command by failing to go through the required BFD Command structure…The Department regards this offense as a matter of concern … (Attachment K.)

37. On November 8, 2023, the Union filed a grievance on Riley's behalf appealing the Four (4) tour suspension. (Attachment L.)

38. On January 2, 2024, after a final grievance hearing, the City hearing officer sustained the four (4) tour suspension, but wrote in the relevant part:

> …The Grievant violated Rule 18.44(j) for deviating from the established chain of command and directly engaged with the Chief of Streets to address the issue. Regarding

Rule 18.44(m), the Grievant is not in violation, as he attached images of the damages referred to in the email and did not communicate any other misinformation to the Chief of Streets…" (Attachment Q.)

## COUNT I – 42 U.S.C. § 1983 – FIRST AMENDMENT

39. The Defendants' actions, the City of Boston Fire Department and Commissioner Burke, as set forth above, violates the Plaintiffs', Riley's, and the Union's rights of freedom of speech, assembly, and association, which is protected by the First Amendment of the United States Constitution. This claim is asserted pursuant to 42 U.S.C. § 1983.

## JURY DEMAND

40. Plaintiffs demand a trial by jury on all claims.

WHEREFORE, Plaintiffs request this Honorable Court to grant them back pay, emotional distress damages, punitive damages, damages for all lost benefits, and attorney's fees and costs, as this Court finds just and reasonable. In addition, the plaintiffs request injunctive relief enjoining Defendants from placing any documentation regarding this disciplinary action and lawsuit into his personnel file and using it against him in any future disciplinary and promotional proceedings.

Respectfully Submitted,

James P. Riley, and Boston Firefighters
International Association of Firefighters
Local 718,

By their attorney,

*/s/ Leah Marie Barrault*

Leah Marie Barrault, BBO# 661626
Barrault & Associates, LLC
3 Boulevard Street
Milton, MA 02186
617-817-9040
leah@barraultlaw.com

Dated: June 10, 2024

9