UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES P. RILEY and the BOSTON FIRE FIGHTERS INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 718,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, and PAUL F. BURKE, in his capacity as the Commissioner of the City of Boston, Fire Department,<br><br>Defendants | Civil Action No. 1:24-cv-11513 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S APRIL 18th ORDER DENYING ITS MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs James P. Riley and Boston Firefighters Local 718 ("the Plaintiffs") respectfully oppose Defendants City of Boston's and Paul F. Burke's ("the Defendants") Motion for Reconsideration of this Court's April 18, 2025, Order (ECF No. 13) denying their Motion to Dismiss and incorporated memorandum of law. Simply, Defendants seek to have this Court revise its earlier denial of its motion to dismiss based on a labor arbitration decision that was issued <u>after</u> this Corut's April 18th Order, and that was therefore not referenced within or attached to Plaintiffs' Complaint, and, in any event, was decided on a "just cause" standard, which is vastly different than the standard upon which this Court must analyze a violation of a public employee's rights under the Federal First Amendment. Defendants suggest in their motion that the labor arbitrator

has somehow stripped this Court of its ability to make findings of facts and legal conclusions as to Plaintiffs' First Amendment Claims, which is unsupported by Federal decisions, which are discussed herein. Thus, as detailed below, the Defendant's motion fails as it is baseless and improper before this court under the federal rules of procedure and must be denied.

**I.      Rule 54(b) of the Federal Rule of Civil Procedure Does Not Permit Revision of This Court's April 18, 2025 Order.**

The Defendant cites Rule 54(b) of the Federal Rule of Civil Procedure as the basis for its motion. In their motion, Defendants recognize that reconsidering an interlocutory order of this Court under Rule 54(b)(4) is an extraordinary request not expressly contemplated by the Federal Rules of Civil Procedure and that exceptional relief is warranted. Plaintiffs agree and, as detailed below, Defendants have not been this Court's extraordinary relief burden, and their motion for reconsideration must be denied.

Federal Rule of Civil Procedure 54(b) permits this Court to revise interlocutory orders before final judgment, but only in limited circumstances. Thus, Rule 54(b) provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

As the Federal First Circuit has held, "[i]nterlocutory orders ... remain open to trial court reconsideration, and the district court has discretion to reconsider previous rulings." *Geffon v. Marcion Corp.*, 249 F.3d 29, 38 (1st Cir. 2001); see also *Bethlehem Steel Export Corp. v. Redondo Constr. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998). However, reconsideration is appropriate only

where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Barbaro v. United States*, No. 05-10016, 2007 WL 9805534, at *1 (D. Mass. May 23, 2007). Courts in this District routinely deny Rule 54(b) motions absent a substantial showing that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See *Shea v. Millett*, No. 19-11546, 2019 WL 11541167, at *1 (D. Mass. Oct. 31, 2019); *Antony v. Duty Free Americas, Inc.*, 705 F. Supp. 2d 112, 114 (D. Mass. 2010).

None of the circumstances described above are present in this matter. As outlined in their recent motion, Defendants claim that less than a week after this Court issued its April 18th Order denying its motion to dismiss, a labor arbitrator in Plaintiff Union's labor grievance issued a decision upholding Plaintiff Riley's suspension and that the arbitrator made findings of fact in that decision that are binding on this Court's determination of whether his speech, which led to his suspension, was protected by the First Amendment. Specifically, the Defendants argue that the labor arbitrator's findings of facts made under the test articulated by the United States Supreme Court in *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)—i.e., that Plaintiff Riley's disputed communications were made under his official duties thereby stripping him of First Amendment protections- are dispositive of his First Amendment claim before this Court. Thus, according to the Defendants, this Court must now dismiss Plaintiff's Complaint according to Rule 54(b). Putting aside that the Defendant's reconsideration request relies upon unlawful extrinsic evidence- a labor arbitration award issued <u>after</u> the Plaintiffs filed their Complaint, detailed below, Defendants also fail to meet their burden set forth by decisions of this Court and the First Circuit, i.e., that this Court's initial decision was "clearly erroneous and would work a "manifest injustice" if not reversed. That a labor arbitrator found that Plaintiff Riley's First Amendment rights were not

violated by Defendants when they suspended him for sending an email, while off-duty and in his capacity as a Union official, to a City official about dangerous conditions at a Boston firehouse, does not so make such finding so under Federal Law, and most certainly does not render this Court's opinion to the contrary in its April 18th Order "clearly erroneous." Moreover, this Court's sustaining of its April 18th Order shall not "work a manifest injustice" on either party or anyone else, for that matter, as Defendants are free to raise this labor award as a defense during discovery and/or the summary judgment stage of this litigation.

Simply, a review of Federal Court decisions interpreting and applying Rule 54(b) supports that such a rule was not intended to be used by Defendants in this manner, and, as detailed above, this new reconsideration motion must be denied.

## II. The Defendants' Motion for Reconsideration of This Court's April 18th Order Denying Its Motion to Dismiss is Without Merit As it Relies Upon Facts and Documents Outside the Four Corners of Plaintiffs' Complaint

Defendants' entire argument in their recent motion relies upon a labor arbitration decision not referred to in or attached to the Plaintiffs' Complaint, as it did not exist at the time of filing. Also, it had not even been issued as of this Court's April 18th Order denying the Defendants' motion to dismiss Plaintiffs' Complaint. Thus, as detailed below, this Court's acceptance of Defendants' new facts, which are outside of the four corners of Plaintiff's Complaints, would be in contravention of well-settled Federal precedent, and the Defendant's reconsideration must be denied.

It is well settled that at the Rule 12(b)(6) stage, a court may consider only the following: (1) facts alleged in the complaint, (2) documents attached or integral to the complaint, (3) matters of public record, and (4) documents whose authenticity is not disputed and on which the complaint relies. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Freeman v. Town of Hudson*, 714 F.3d

29, 36 (1st Cir. 2013). Moreover, extrinsic documents like the arbitrator's decision may be considered by this Court without converting a motion to dismiss into a motion for summary judgment where the parties or the documents do not dispute the authenticity of the documents are official public records, central to the plaintiff's claim, or sufficiently referred to in the complaint. *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (*citing Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

The labor arbitration award cited by Defendants meets none of the above criteria. It post-dates the Complaint, was not referenced therein, and reflects the arbitrator's application of "just cause" principles under a collective bargaining agreement, not constitutional standards under the First Amendment or Federal Law. The labor arbitration award thus constitutes unlawful extrinsic evidence and, as such, could not have been considered as part of the Defendants' motion to dismiss under Rule 12(b)(6), which is confined to the four corners of the Plaintiffs' Complaint, and cannot be considered now under Defendants motion for a reconsideration of this Court's April 18th Order denying Defendants' motion to dismiss Plaintiffs' Complaint.

III. **Even if this Court Could consider the Labor Arbitration Decision at Issue at the 12(b)(6) Stage, the Labor Arbitrator's Findings of Facts and Legal Conclusions As They Relate to Federal Constitutional Claims Do Not Strip This Court Of Any Of Its Powers to Make Its Own Factual Findings and Legal Conclusions as to Federal Constitutional Claims**

It is well established that a labor arbitrator's findings do not bind Federal courts. *See Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 105 (1st Cir. 2002)*; McDonald v. City of West Branch*, 466 U.S. 284, 292 n.13 (1984) ("[A]rbitral factfinding is generally not equivalent to judicial factfinding."); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 59–60 (1974) (courts must independently evaluate constitutional claims, even if an arbitrator previously considered related issues).

The labor arbitrator's decision in the Defendants' reconsideration motion was made pursuant to the "just cause" standard outlined in the collective bargaining agreement between the Defendant, City of Boston, and the Plaintiff, Boston Firefighters Union Local 718. That standard differs fundamentally from the standard used by Federal courts in First Amendment cases involving the First Amendment rights of public employees and specifically the standard set forth by the United States Supreme Court in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), which bases an employee's rights on whether they spoke "pursuant to official duties." As the First Circuit has emphasized, Federal courts must "make an independent judgment on constitutional claims," regardless of any arbitral result. *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998); *Rae v. MBTA*, 535 F. Supp. 3d 67, 78 (D. Mass. 2021) (Saris, J.) (arbitrator's factual findings may inform but do not dictate constitutional analysis); *Decotiis v. Whittemore*, 635 F.3d 22, 31–32 (1st Cir. 2011) (outlining a multi-factor test for determining whether speech is made according to official duties). Thus, the labor arbitrator's decision, while it may have some weight as to other stages of this litigation, is not dispositive to this Court's First Amendment analysis at the 12(b)(6) stage, and Defendants' lengthy arguments to the contrary are without merit.

IV.     CONCLUSION

Defendants' reconsideration motion is procedurally improper and substantively flawed. It seeks to convert a labor arbitration ruling into a dispositive adjudication of constitutional claims before this Court. Therefore, the motion must be denied for the reasons set forth above.

                                Respectfully Submitted,

                                James P. Riley, and Boston Firefighters
                                International Association of Firefighters
                                Local 718,

                                By their attorney,

                                */s/ Leah Marie Barrault*
                                _____
                                Leah Marie Barrault, BBO# 661626
                                Barrault & Associates, LLC
                                3 Boulevard Street
                                Milton, MA 02186
Dated: May 30, 2025              617-817-9040
                                leah@barraultlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on **May 30, 2025**, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                                */s/ Leah Marie Barrault*
                                _____
                                Leah Marie Barrault

Dated: May 30, 2025