UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES P. RILEY and BOSTON FIRE FIGHTERS INTERNATIONAL ASSOCIATION of FIREFIGHTERS, LOCAL 718,<br>      Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON and PAUL F. BURKE, individually and in his capacity as Commissioner of the Boston Fire Department,<br>      Defendants. | C.A. No. 1:24-cv-11513-ADB |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants hereby answers Plaintiffs' Complaint as follows:

**I. INTRODUCTION**

1. This paragraph is an introductory statement, which does not require a response from Defendants.

**II. JURISDICTION**

2. This paragraph is a statement of jurisdiction, which does not require a response from Defendants.

**III. PARTIES**

3. Defendants admit that Plaintiff is a firefighter for the Boston Fire Department. Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining factual allegations of this paragraph.

4. Admitted.

5. Admitted.

6. Admitted.

## IV. STATEMENT OF FACTS

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

15. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

16. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

17. This paragraph references an April 21, 2021, email, the text of which speaks for itself.

18. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

19. This paragraph references a February 11, 2022 email, the text of which speaks for itself.

20. This paragraph references an email, the text of which speaks for itself.

21. This paragraph references an email, the text of which speaks for itself.

22. This paragraph references a March 20, 2022, email, the text of which speaks for itself.

23. This paragraph references an email, the text of which speaks for itself.

24. This paragraph references a March 20, 2022, email, the text of which speaks for itself.

25. This paragraph references a June 16, 2022, email, the text of which speaks for itself.

26. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

27. This paragraph references an April 20, 2023, email, the text of which speaks for itself.

28. This paragraph references an April 20, 2023, email, the text of which speaks for itself.

29. Defendants are without knowledge or information sufficient to enable them to admit or deny the factual allegations of this paragraph.

30. This paragraph references a September 26, 2023, email, the text of which speaks for itself.

31. Defendants admit that Plaintiff sent the email from his Union email address. Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining factual allegations of this paragraph.

32. This paragraph references a September 26, 2023, email, the text of which speaks for itself.

33. This paragraph references a September 26, 2023, email, the text of which speaks for itself.[1]

34. This paragraph references a notice of suspension, the text of which speaks for itself.

35. Defendants admit that Plaintiff had never been suspended in his prior sixteen years on the job with the Boston Fire Department, though he has previously been disciplined. Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining factual allegations of this paragraph.

36. This paragraph references a letter, the text of which speaks for itself.

37. This paragraph references a union grievance, the text of which speaks for itself.

38. This paragraph references the decision of a hearing officer, the text of which speaks for itself.

**COUNT I – 42 U.S.C. § 1983 – FIRST AMENDMENT**

39. Denied.

40. This paragraph is a jury demand, which does not require a response from Defendants.

---

[1] The paragraph mistakenly refers to "Ms. Franklin-Hodge."

## AFFIRMATIVE DEFENSES

Further answering, the Defendants assert the following affirmative defenses:

### First Affirmative Defense
The Plaintiffs have failed to state a claim or claims upon which relief can be granted.

### Second Affirmative Defense
Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and/or by his failure to satisfy administrative prerequisites in a timely manner prior to filing suit in court.

### Third Affirmative Defense
The Plaintiffs have failed to mitigate their damages.

### Fourth Affirmative Defense
Every action taken by the City and/or its employees was lawful and performed according to, and protected by, law and/or legal process, and therefore, the Plaintiffs cannot recover.

### Fifth Affirmative Defense
Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, equitable estoppel and/or waiver.

### Sixth Affirmative Defense
Plaintiffs are barred from recovery in this action to the extent that Plaintiffs have failed to demonstrate any damages, including but not limited to compensatory, medical expenses or emotional distress.

### Seventh Affirmative Defense
The actions of the Defendants are entitled to and protected by qualified and/or absolute immunity.

### Eighth Affirmative Defense
The Plaintiff Union filed a demand for arbitration pursuant to the Collective Bargaining Agreement, and the arbitrator ruled that there was just cause to discipline Plaintiff Riley and found that Plaintiff Riley acted as a public employee, not as a private citizen.

### Ninth Affirmative Defense
The Defendants reserve the right to raise additional affirmative defenses as additional information becomes available through discovery.

## JURY DEMAND

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted:

**DEFENDANTS CITY OF BOSTON and PAUL F. BURKE**

By their attorney:

Adam Cederbaum
Corporation Counsel

/s/ Randall F. Maas
_____
Randall Maas (BBO# 684832)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4042
Randall.Maas@boston.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **June 23, 2025**, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/  Randall F. Maas
Randall F. Maas

Date:  June 23, 2025